IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ABERCROMBIE,

    Petitioner,

vs.

WARDEN, California Substance Abuse Treatment Facility,[1]

    Respondent.

No. CIV S-09-1624 EFB P

ORDER

/

    Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the undersigned pursuant to consent of the parties. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Petitioner challenges a 2006 judgment of conviction entered against him in the Sacramento County Superior Court on child molestation charges.

////

////

---

[1] Previously named as respondent was "People." The court now substitutes in the correct respondent, the Warden of the California Substance Abuse Treatment Facility and State Prison, Corcoran, where petitioner is presently incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

Petitioner raises only one claim in the petition before this court: that newly discovered evidence demonstrates he is actually innocent of the charges against him. In support of this claim, petitioner relies on a letter of recantation signed by the victim. Resp.'s Lodg. Docs., Doc. I. The state court record reflects that a pre-trial medical examination conducted on the victim did not turn up any abnormalities that could be specifically traced to sexual abuse. The record also reflects that the victim's mother (petitioner's wife) testified on behalf of the defense, remained married to petitioner after his conviction, and regularly visited him in jail following his arrest. Lodg. Doc. D at 6. In the answer, respondent requests that the petition be dismissed for failure to exhaust state remedies or, in the alternative, that the petition be denied on the merits.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 276 (1971), *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1986). "Like all other constitutional claims, Eighth and Fourteenth Amendment claims of actual innocence advanced on behalf of a state prisoner can and should be heard in state court." *Herrera v. Collins*, 506 U.S. 390, 440 (1993).

After reviewing the petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies with respect to his claim of actual innocence. Petitioner's claim has not been presented to the California Supreme Court or to any other California court. Further, there is no evidence that state court remedies are no longer available to him.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies;[2]

2. The Clerk is directed to close the case; and

3. The court declines to issue a certificate of appealability.

DATED: June 22, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is advised that 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on the filing of habeas corpus petitions in federal court.

3